IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MENASHA CORPORATION | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| | ) |
| INTERSTATE CONTAINER READING LLC | ) |
| INTERSTATE RESOURCES, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Menasha Corporation ("Menasha"), for its complaint against defendants, Interstate Container Reading LLC, and Interstate Resources, Inc. (collectively "Interstate"), allege:

## JURISDICTION AND VENUE

1. This is an action for infringement under the patent laws of United States, Title 35 of the United States Code.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper is this judicial district under 28 U.S.C. §§ 1391 and 1400(b) as Interstate has committed acts of infringement and has regular and established places of business in the State of Pennsylvania.

## THE PARTIES

3. Plaintiff Menasha Corporation ("Menasha") is a Wisconsin corporation having a principal place of business at 1645 Bergstrom Road, Neenah, WI 54957-0367.

4. Menasha is the owner of United States Letters Patent No. 8,485,370 B2 ("the '370 Patent") which was duly and legally issued by the United States Patent and Trademark Office on July 16, 2013 for an invention entitled "Corrugated Shelving Display System with Two-Piece Shelves." A true and correct copy of the '370 Patent is attached as Exhibit A hereto.

5. Menasha is the owner of United States Letters Patent No. 8,857,633 B2 ("the '633 Patent") which was duly and legally issued by the United States Patent and Trademark Office on October 14, 2014 for an invention entitled "Corrugated Shelving Display System with Two-Piece Shelves." The '633 Patent is a continuation of the '350 patent, and, therefore, shares the same specification, and claims priority thereto on the front page under Related U.S. Application Data. A true and correct copy of the '633 Patent is attached as Exhibit B hereto. Exhibit A and B collectively referred to herein as the Menasha Patents.

6. Defendant Interstate Resources, Inc. ("Interstate") is, on information and belief, a corporation existing under the laws of the State of Delaware and has a principal place of business at 1300 Wilson Boulevard, Suite 1075 Arlington, VA.

7.      On information and belief, Interstate has numerous wholly owned subsidiaries in the State of Pennsylvania including Interstate Container Corporation Reading LLC (Interstate Container) which has a principal place of business at 100 Grace Street, Reading, PA 19611.  Thus, Interstate has a regular and established business and has committed acts of infringement in this judicial district.

8.      Interstate Container owns and operates a website at [www.interstatecontainer.com](www.interstatecontainer.com) . (Interstate website).  It offers for sale, a product that infringes the Menasha Patents.  A screen shot taken from Interstate's website at:  http://www.interstatecontainer.com/#Photo[Custom Corrugated Display Solutions]/9/ shows a product that infringes the Menasha Patents and is attached as Exhibit C.

9.      Defendants are subject to this Court's general and specific personal jurisdiction by regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Pennsylvania and in this judicial district, and all of Interstate's contacts with the State of Pennsylvania are systematic, continuous and substantial.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,845,370

10.     Plaintiff re-alleges paragraphs 1-9 as if fully incorporated herein.

11.     Defendants have, on information and belief, unlawfully and intentionally infringed the '370 Patent in this judicial district and elsewhere by making, using, offering for sale and/or selling corrugated paperboard displays for displaying goods for sale in a retail store in violation of at least claim 1 of the '370 patent.

12.     One such infringing product is shown on the Interstate website, shown in Attachment C

13.     In May 2017 an example of an infringing Interstate product was on display in a Menards store in Oshkosh, Wisconsin and in other grocery stores in Wisconsin advertising and displaying for sale Little Debbie snack foods (the "Little Debbie display").

14.     Menasha was informed and believes that Ms. Marlia Langston, a Senior Purchasing Agent-Packaging & Displays of McKee Foods Corporation, purchased the Little Debbie displays from Interstate and distributed the Little Debbie displays to retail stores for the sale of Little Debbie snack foods.

15.     For purposes of illustration, and not limitation, the little Debbie Display shows a corrugated paperboard display system having a back wall, a first sidewall, a second sidewall, and a plurality of shelves formed from a first shelf component

and a second shelf component that infringes claim 1 and other claims of the '370 Patent. Defendants' direct infringing activity includes making, using, offering for sale and selling such display systems is in direct violation of 35 U.S.C. §271(a).

16.     In May 2017 Menasha, through an employee Mr. Matt Slaats, informed Ms. Langston of the existence of Menasha Patents by providing her with a copy of U.S. Patent No. 8,857,633 (Attachment B), which is a continuation of the '370 patent and shares the same specification of the '350 patent, and refers to the '370 patent on the front page under Related U.S. Application Data, and informing her that the Interstate Display infringed upon Menasha's patent rights. Upon information and belief, Ms. Langston advised Interstate of her contact with Mr. Slaats and of his assertion that the Little Debbie display supplied by Interstate infringed a Menasha patent.

17.     After such contact by Menasha, and knowledge that its customer's use of the Little Debbie display constituted an infringement of the Menasha patent, the customer continued to use the display, and Interstate continued to, and as of today still continues to offer for sale display systems that infringe the Menasha Patents. These actions constitute direct infringement under 35 U.S.C. §271(a) and inducing infringement of its customers under 35 U.S.C. §271(b).

18.     Interstate's continued offer for sale of the Little Debbie display constitutes a direct infringement under 35 U.S.C. §271(a), and inducing the

infringement by any purchaser of the Little Debbie display under 35 U.S.C. §271(b).

19.     The wrongful acts of Interstate alleged herein were undertaken without authority and without license from Menasha. Interstate's acts of infringement have been willful and wanton, in blatant disregard for the intellectual property rights of Menasha.

20.     The wrongful acts of Interstate as alleged herein have occurred, and will continue to occur, in this judicial district and throughout the United States.

21.     Menasha has suffered damage by reason of the acts of infringement by Interstate and will suffer additional and irreparable damage unless Interstate is enjoined by this Court from continuing its acts of direct infringement, and inducement of infringement.

22.     As a direct and proximate result of Interstate's infringing activity, Interstate should be held liable to Menasha in an amount that adequately compensates Menasha, which by law, can be no less than a reasonable royalty.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,857,633

23.     Menasha re-alleges paragraphs 1-22 as if fully incorporated herein.

24.     Interstate's activities surrounding making, using, offering for sale, and sale of a corrugated paperboard container alleged in paragraphs 12-15 herein also

constitute infringement of claim 1 and other claims of the '633 Patent. The Little Debbie display is formed from a single, contiguous blank of material and has opposed side panels, a support panel, and a plurality of shelves each formed by two panels.

25. Upon information and belief, Interstate has been advised of the '633 Patent from McKee Foods referenced in paragraph 13 herein and that the Little Debbie display infringes the '633 patent and that any customer purchasing such display is infringing the '633 Patent. Thus, Interstate has directly infringed the '633 Patent in violation of 35 U.S.C. §271(a) and has induced infringement under 35 U.S.C. §271(b).

26. The wrongful acts of Interstate alleged herein were undertaken without authority and without license from Menasha. On information and belief, Interstate had actual notice of said Letters Patent and its acts of infringement have been willful and wanton, in blatant disregard for the intellectual property rights of Menasha.

27. The wrongful acts of Interstate as alleged herein have occurred, and will continue to occur, in this judicial district and throughout the United States.

28. Menasha has suffered damage by reason of the acts of infringement by Interstate and will suffer additional and irreparable damage unless Interstate is

enjoined by this Court from continuing its acts of direct infringement, and inducement of infringement.

29. As a direct and proximate result of Interstate's infringing activity, Interstate should be held liable to Menasha in an amount that adequately compensates Menasha, which by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Menasha requests that this Court enter a judgment in favor of Menasha against Interstate and award to Menasha the following relief:

    A. Ordering, adjudging and decreeing that Interstate has directly infringed the '370 Patent and the '633 Patent in violation of 35 U.S.C. § 271(a);

    B. Ordering, adjudging and decreeing that Interstate has induced the infringement of the '370 Patent and the '633 Patent in violation of 35 U.S.C. § 271(b);

    C. Ordering, adjudging and decreeing that Interstate's acts of infringement, and inducing infringement of the '370 Patent and the '633 Patent were committed willfully and knowingly;

    D. Enjoining, both preliminarily and permanently, Interstate and its parents, principals, officers, directors, agents, affiliates, servants,

attorneys, employees and all others in privity with them from infringing the '370 Patent and the '633 Patent;

  E. Awarding to Menasha damages for infringement of the '370 Patent and the '633 Patent, together with prejudgment interest on the amount awarded;

  F. Awarding to Menasha three times its damages to compensate Menasha under 35 U.S.C. § 284;

  G. Ordering, adjudging and decreeing that acts of infringement of Interstate as herein alleged warrant a finding that this is an exceptional case and awarding to Menasha its reasonable attorneys' fees under 35 U.S.C. § 285;

  H. Awarding to Menasha its costs incurred in the prosecution of this action; and

  I. Awarding to Menasha such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Menasha demands trial by jury of all issues in this action so triable.

\* \* \* SIGNATURE PAGE FOLLOWING \* \* \*

                                    Respectfully submitted,

                                    CAESAR RIVISE, PC

Dated: December 8, 2017         By _/s/ Manny D. Pokotilow_

                                    Manny D. Pokotilow (I.D. #13310)
                                    1635 Market Street
                                    12th Floor - Seven Penn Center
                                    Philadelphia, PA 19103-2212
                                    215-567-2010 (P)
                                    215-751-1142 (F)
                                    <mpokotilow@caesar.law>

OF COUNSEL:

Kara Cenar (IL I.D. No. 6198864)
Joseph A. Fuchs (IL I.D. No. 6201132)
Ryan J. Yager (IL I.D. No. 6308231)
(*pro hac vice admission anticipated*)
GREENSFELDER, HEMKER & GALE, P.C.
10 S. Broadway – Suite 2000
Saint Louis, MO 63102
312-241-9090 (P)